loss of the right leg was made and subsequently modified by adding thereto an award for 10 weeks' temporary total disability for a protracted healing period. On September 17, 1949 the decedent sustained a consequential accident resulting in the amputation of his left leg. The Referee thereafter rescinded the previous award and made a tentative award pending determination of the periods of total and partial disability. On February 20, 1954 the decedent died. A claim for death benefits by the widow was disallowed and the question of her right to an award for the decedent's disability before death was then raised. A schedule award for 100% loss of both legs plus an award for the protracted healing periods was then made and this award was affirmed by the board. The appellants rely on subdivision 1 of section 15 of the Workmen's Compensation Law which provides that the "Loss of * * * both legs * * * shall, in the absence of conclusive proof to the contrary, constitute permanent total disability." Since there is here a lack of any evidence to the contrary the statute requires that the decedent's condition should have been classified as permanent total disability after the loss of his second leg. The respondent attempts to support the award on the basis of section 15 (subd. 3, par. u) but by its very terms that subdivision only applies in cases "not amounting to permanent total disability". Likewise, subdivision 4-a of section 15 only provides for awards for protracted temporary total disability in cases where such condition exists in conjunction with permanent partial disability. Such was the situation in Matter of McCarty v. United States Trucking Corp. (255 App. Div. 741, affd. 281 N. Y. 704) which the respondent cites to support the award made here. Furthermore, the fact that the award there made after the employee's death cannot be used to support the award in the present case for there such an award could properly have been made during the employee's lifetime. The Referee, the board and the respondent here mention the fact that since the first award for 100% loss of the right leg had been rescinded the decedent's disability had not been classified at the time of his death. However, since subdivision 1 requires that the disability here be classified as permanent total, the fact that no classification was made before death is not a justification for making a different classification after death. Thus after the date of the second amputation the claimant's condition should have been classified as permanent total disability and the award from that time should be for permanent total disability to the time of his death (230 weeks). This leaves for consideration the amount of the award for the period between the first accident and the second amputation. It would seem that the award originally made for this period was the proper one. That is, a schedule award of 288 weeks plus the protracted total disability which was set at 10 weeks. Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of ALBERT FABB, Respondent, against FIFTH AVENUE COACH LINES, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision and award of the Workmen's Compensation Board. The claimant who worked as a mechanic was called out to a disabled bus on April 13, 1957. A tow truck was required to return the bus to the garage and the claimant then helped the tow truck driver to dismantle the tow bar. They lifted the tow bar, which weighed 125 pounds, over their heads and placed it on the truck. The claimant at that time experienced pain in his chest, his heart beat fast, he felt exhausted and was out of breath. The pain remained the next day and he consulted a doctor. The claimant was out of work for three weeks, returning on May 5,

1957. He testified that thereafter he experienced palpitation and heavy breathing upon exertion or strain. On May 11, 1957, he consulted another doctor and thereupon filed a claim for compensation. The board has found that as a result of the lifting incident the claimant sustained accidental injuries in the nature of a coronary insufficiency and that he is entitled to further medical treatment for his condition. The appellant contends that the coronary insufficiency which the board has found to be related to the incident of April 13, 1957, was a temporary condition and that there is no substantial evidence to support a finding of a continuing medical disability. The claimant clearly had pre-existing conditions of hypertension and diabetes. There is, however, substantial medical evidence in the record indicating that the coronary insufficiency which resulted from the accident is of a permanent and continuing nature. The claimant is thus entitled to and the board properly authorized further medical treatment for the industrially related coronary insufficiency. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.